IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Floyd Sellers, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>United States of America, )<br>)<br>Respondent. )<br>_____ ) | Criminal No.: 4:07-cr-901-TLW<br>Civil No.: 4:08-cv-70052-TLW |

# ORDER

This matter is before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Floyd Sellers ("petitioner"). (Doc. # 56).

On July 24, 2007, the petitioner was charged in Indictment 4:07-901 with four counts of criminal conduct. Count 1 charged the petitioner with conspiring to distribute and possess with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c). Count 2 charged the petitioner with possessing with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c). Count 3 charged the petitioner with using and possessing firearms during and in furtherance of the drug trafficking crime named in Count 2 in violation of 18 U.S.C. § 924(c)(1)(A). Count 4 charged the petitioner with possessing firearms and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). On October 1, 2007, the petitioner pled guilty to Counts 2, 3, and 4 of the indictment. (Doc. # 35). Count 1 was dismissed on motion of the respondent United States of America ("Government"). (Doc. # 53). The petitioner

1

was sentenced to 33 months of imprisonment as to Counts 2 and 4 with such terms running concurrently. He was sentenced to 60 months of imprisonment as to Count 3 with such term running consecutive to sentence imposed for Counts 2 and 4. He was also sentenced to six years of supervised release. Judgment was entered in the petitioner's case on March 20, 2008. (Doc. # 53).[1]

On April 25, 2008, the petitioner filed the present motion to vacate his conviction pursuant to 28 U.S.C. § 2255. (Doc. # 56). On May 1, 2008, trial defense counsel filed an affidavit in response to the petitioner's allegations. (Doc. # 61). On October 29, 2009, the Government filed a response to the petitioner's § 2255 motion and a motion for summary judgment. (Docs. 73, 74). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by an Order filed March 24, 2010, that he had until April 27, 2010, to file any material in opposition to the Government's motion for summary judgment. (Doc. # 78). On April 14, 2010, the petitioner filed a response in which he indicated he could not respond to the summary judgment motion because he had not received said motion. (Doc. # 80). By Order filed April 26, 2010, the Clerk of Court was directed to forward copies of the Government's response in opposition to the petitioner's § 2255 motion and its motion for summary judgment. (Doc. # 81). A second Roseboro order was issued on April 27, 2010, giving the petitioner until June 1, 2010, to file any material in opposition to the Government's summary judgment motion. (Doc. # 82). To date, the petitioner has filed no response in opposition to the Government's motion for summary judgment. On July 25, 2011, the

---

[1] The petitioner filed two motions to reduce his sentence based on amendments to the United States Sentencing Guidelines for crack cocaine offenses. (Docs. 63, 66). On August 24, 2009, this Court denied both motions. (Doc. # 70). The petitioner filed a motion to reconsider (Doc. # 75), which this Court also denied (Doc. # 76).

Government filed a certificate of service indicating copies of the transcripts from the petitioner's guilty plea proceeding and sentencing proceeding were served on the petitioner. (Doc. # 88).

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255(a). Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that such is "the proof needed to allege a constitutional error." Id. at 890. "[T]he scope of review of non-constitutional error is more limited . . . ; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999) (citations omitted). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court

3

has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's pro se motion, and finds that no hearing is necessary.

## BACKGROUND

The petitioner raises four grounds for relief in the motion before the Court. (Doc. # 56). The petitioner's first ground for relief is for ineffective assistance of counsel. In support of this ground, the petitioner states the following five claims (set forth verbatium):

1. Counsel failed to file several needed motions in favor of suppression of evidence;

2. Counsel did not thoroughly explain the adverse effects of the Government's intent to seek enhancements against the defendant prior to signing a plea agreement;

3. Mislead defendant into a signing a waiver to appeal knowing defendant expressed his intent to appeal in Court by checking the appeal box on questionnaire provided by the Court and dissatisfaction with counsel's advice not to go to trial;

4. Counsel's failure to do a thorough investigation of the alleged traffic stop which lead to his arrest;

5. Counsel failed to thoroughly examine and object to plain errors in PSR Report that were erroneous and highly prejudicial in content to the defendant.

The petitioner's second ground for relief is that the Government's "primary purpose of probable cause was never established on the face of an official warrant for [his] arrest" and that law enforcement engaged in an illegal search and seizure of the vehicle he was operating. The petitioner's third ground for relief is that he believes he may be a target of racial profiling. The petitioner's fourth ground is also for ineffective assistance of counsel in that petitioner asserts his attorney abandoned his duty to defend the petitioner and file an appeal. The petitioner provides few facts and cites no legal authorities in support of the grounds for relief asserted in the motion.

**STANDARD OF REVIEW**

In examining a motion for summary judgment, the Court must determine whether there exists a genuine dispute of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine disputes of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, if the non-moving party "fails to properly address" the moving party's assertion of fact, the Court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed R. Civ. P. 56(e); see Celotex, 477 U.S. at 324-26. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322. In such a situation, there can be "no genuine dispute as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. Fed. R. Civ. P. 56(a); Celotex, 477 U.S. at 322-23. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 323 (citation omitted).

## **GROUND ONE**

Ground one of the petitioner's § 2255 motion seeks relief based on ineffective assistance of counsel. A claim of ineffective assistance of counsel is subject to collateral review pursuant to § 2255. McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). In order to prevail on a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficiencies prejudiced the petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-92 (1984). The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689. As the Court in Strickland observed:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Id. at 689 (citation omitted). The petitioner's burden as outlined above is two-pronged. As previously noted, the petitioner has stated five separate claims of ineffective assistance of counsel in Ground One. The Court will consider each claim in turn.

### a. Failure to File Notice of Appeal

The Court will first address the petitioner's third claim for relief in Ground One. The petitioner asserts that his attorney misled him into signing "a waiver to appeal," knowing that the petitioner expressed his intent to appeal in Court by checking the appeal box on a questionnaire provided by the Court. "[I]n certain circumstances, an attorney is constitutionally required to 'consult' with the defendant concerning the advantages and disadvantages of taking an appeal and to discover the defendant's appellate wishes." United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007) (citing Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000)). Such a duty to consult with a defendant exists "when there is reason to believe that either (1) a rational defendant would want to appeal or (2) the defendant reasonably demonstrated to his attorney that he was interested in appealing." Id. (citing Roe, 528 U.S. at 480). In determining whether a duty to consult exists, a court should take into account the totality of the circumstances, "including whether the conviction followed a trial or guilty plea." Id. (citing Roe, 528 U.S. at 480). "[W]here the defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed because it results in the 'forfeiture' of the appellate proceeding." Id. (citing Roe, 528 U.S. at 480). Conversely, "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." Roe, 528 U.S. at 477. If a defendant does not unequivocally instruct his attorney to file an appeal and "his attorney subsequently did not fulfill his consultation obligations, prejudice will be presumed if the defendant can show that, had he received reasonable advice from his attorney, he would have instructed his attorney to file a timely notice of appeal." Poindexter, 492 F.3d at 268-69 (citing Roe, 528 U.S. at 486). "Whether the defendant has met the prejudice standard 'will turn on the facts of [the]

7

particular case.'" Id. at 269 (quoting Roe, 528 U.S. at 485) (alteration in original). "However, 'evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making [the prejudice] determination.'" Id. (quoting Roe, 528 U.S. at 485) (alteration in original).

At his sentencing, the petitioner indicated on a questionnaire distributed by the Court that he wished to file an appeal. (Doc. # 47). After the petitioner's sentencing, but before his judgment was entered, a letter was submitted to the Court on February 11, 2008. (Doc. # 52). The letter indicates it is from the petitioner and contains the petitioner's signature on it, but the signature appears in the spot on the letter for a witness's signature. (Doc. # 52). The letter states that the petitioner "mistakenly checked the box" at the end of his guilty plea that he intended to appeal his sentence. (Doc. # 52). The letter further states that the petitioner, "of [his] own mind" does not wish to appeal his case and that he "understand[s] that [he] had ten days to do it; however, as stated above, [he] do[es] not wish to appeal the case." (Doc. # 52). The letter states again at the end: "I do not want to appeal my sentence." (Doc. # 52). The petitioner's trial defense attorneys, in their affidavit in response to the petitioner's § 2255 motion, advise the Court that at sentencing the petitioner checked the box indicating he wished to appeal in error. (Doc. # 61). Upon discovering the error, it appears that one of the defendant's attorneys, Mr. Saleeby, prepared the letter described above. (Doc. # 61). The attorneys indicate that the petitioner signed the letter (Doc. # 52) but that he signed it in the spot for the witness's signature rather than where his signature should have been. (Doc. # 61). The envelope that is on file with the Court indicates petitioner's return address as well as a "stamp" from the Florence County Detention Center mailroom indicating that they have neither censored or

8

inspected the mail item. Additionally, the correspondence contains a second page with a hand written note by petitioner asking that he be sent the paper work for a sentence reduction.

The petitioner provides little factual support aside from his conclusory allegation that his defense attorneys misled him into signing the letter indicating he did not want to pursue an appeal. The petitioner does not indicate in what manner his defense attorneys misled him into signing the letter (Doc. # 52). Additionally, the petitioner does not dispute that he signed the letter, albeit in the place for the witness's signature. He also does not indicate why he signed the letter if he wished to pursue an appeal, when the letter clearly states in no uncertain terms that he does not want to appeal his conviction and sentence. Moreover, the petitioner does not argue that after signing the letter on February 7, 2008, he changed his mind and informed his attorneys that he wanted to appeal before the time for filing an appeal had run. Nor did he attempt to contact the Court himself and indicate that he wished to appeal his sentence, despite the fact that the judgment in his case was not entered until March 20, 2008. Finally, the petitioner has provided no response in opposition to the facts set forth by his attorneys in their affidavit (Doc. # 61). Accordingly, the Court finds that the petitioner is not entitled to relief with respect to his claim that his attorneys misled him into signing a letter indicating he did not wish to pursue an appeal. The Court concludes that no hearing is necessary on this issue, as the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief on this ground.

**b. Failure to File to Motions in Favor of Suppression of Evidence**

In his first claim for relief under Ground One, the petitioner states that his attorneys failed to file several needed motions in favor of suppressing evidence. This claim is discussed in connection with the petitioner's second ground for relief.

### c. Failure to Explain the Adverse Effects of the Government's Intent to Seek Enhancements Against the Petitioner Prior to His Signing a Plea Agreement

In his second claim for relief under Ground One, the petitioner asserts that his counsel did not thoroughly explain the adverse effects of the Government's intent to seek enhancements against the petitioner prior to his signing a plea agreement. In addressing claims of ineffective assistance of counsel with regard to a challenge to the voluntariness of a guilty plea, the United States Supreme Court has held that to satisfy the second "prejudice" prong of Strickland, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Other courts have noted that "'[a] mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice.'" Barker v. United States, 7 F.3d 629, 633 (7th Cir. 1993) (quoting United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir. 1990)).

The petitioner provides no further factual support for his second claim for relief under Ground One. He does not indicate what enhancements were sought by the Government that his attorneys allegedly did not thoroughly explain to him. He also provides no specifics as to how his attorneys erred during the plea process or how their explanation of the Government's ability to seek enhancements was inadequate. In addition, he provides no response to his defense attorneys' statements in their affidavit (Doc. # 61) where they indicate they repeatedly informed the petitioner that any relevant misconduct or conviction could increase the amount of time to which he was sentenced. Furthermore, during his guilty plea proceedings, the defendant responded affirmatively when he was asked by the Court whether he understood that the sentence imposed may be different

10

from any estimate given by his attorney.[2] The Court also informed him that other relevant conduct would impact his sentence.[3] Therefore, with regard to the second claim for relief alleged in Ground One, the petitioner has not met his burden of showing that his attorneys' performance during the plea phase of the case fell below an objective standard of reasonableness or that he suffered prejudice as a result of any alleged errors by his attorneys.

### d. Failure to Conduct a Thorough Investigation of the Alleged Traffic Stop Which lead to the Petitioner's Arrest

In his fourth claim for relief under Ground One, the petitioner asserts that his defense attorneys failed to do a thorough investigation of the alleged traffic stop which led to the petitioner's arrest. In their affidavit (Doc. # 61), the petitioner's attorneys state they thoroughly went over the traffic stop with the arresting officers in the petitioner's presence, and the petitioner did not disagree with the officers. The petitioner provides no further factual support for his allegation that his defense attorneys failed to conduct a thorough investigation of the alleged traffic stop. The petitioner has also not submitted a response in opposition to the statements made by his attorneys in their affidavit. Moreover, the petitioner provides no evidence or arguments indicating how he was prejudiced by

---

[2] See Plea Transcript, p. 10 (Doc. # 86):
THE COURT: There are sentencing guidelines that apply in federal criminal court. Have you and your attorneys talked about how the guidelines might apply in your case?
THE DEFENDANT: Yes, sir.
THE COURT: Do you understand this Court will not be able to determine the advisory guideline sentence for your case until after the presentence report has been completed?
THE DEFENDANT: Yes, sir.
THE COURT: Do you also understand that the sentence imposed in your case may be different from any estimate your attorney has given to you?
THE DEFENDANT: Yes, sir.

[3] See id., p. 11:
THE COURT: And in essence, any relevant conduct would come into play, other drug activity could come into play, if it was drug activity in connection with this charge. Do you understand that?
THE DEFENDANT: Yes, sir.

his attorneys' allegedly insufficient investigation of the traffic stop. Accordingly, the Court denies the petitioner's fourth claim for relief under Ground One.

### e. Failure to Thoroughly Examine and Object to Errors in the Presentence Report

In his fifth claim for relief under Ground One, the petitioner asserts that his defense attorneys failed to thoroughly examine and object to plain errors in the presentence report that were erroneous and highly prejudicial in content to the defendant. A review of the Presentence Investigative Report ("PSR") indicates the petitioner was held accountable for 3.14 grams of crack cocaine and his total offense level for Counts Two and Four was calculated at 20 with a criminal history category of I, resulting in a guideline range for imprisonment of 33 to 41 months. (PSR ¶¶ 40, 57, 75). As for Count Three, the PSR sets forth that the sentencing guidelines indicate the guideline sentence for a conviction under 18 U.S.C. § 924(c) is the minimum term of imprisonment required by statute, which must run consecutively to any other term of imprisonment. (PSR ¶ 58). The PSR indicates that the statutory penalty for the offense here is five years. Id.

In their affidavit (Doc. # 61), the petitioner's defense attorneys state they thoroughly went over the PSR with the defendant and the report contained no erroneous information. The petitioner has not filed a response to his attorneys' statements. He also does not provide any further factual support or persuasive arguments or evidence in support of this claim. Moreover, he does not indicate what the plain errors were in the PSR to which he asserts his attorneys should have objected. Additionally, at sentencing, the petitioner was asked whether he had sufficient time to review the PSR and whether he agreed with his attorney that there were no objections to the report. He

responded affirmatively to both questions.[4]  Therefore, the Court finds that the petitioner's conclusory allegation, without more, is insufficient to create a genuine dispute of material fact over whether his defense attorneys were ineffective for failing to object to plain errors in the PSR, and the petitioner is not entitled to relief on this claim.

### **GROUND TWO**

The petitioner asserts in Ground Two of his § 2255 motion that the "states primary purpose of probable cause was never established on the face of an official warrant for my arrest."  In furtherance of this Ground, the petitioner alleges that "the state's case was established upon a mistaken identity of an individual believed to have been a passenger in the vehicle operated by the defendant which lead to an illegal search and seizure."  For claim one under Ground One of his motion, the petitioner argues his attorneys failed to file several needed motions to suppress evidence. Thus, the petitioner is arguing that the evidence obtained during the vehicle stop was the result of an illegal seizure and search in violation of the Fourth Amendment and that his attorneys performed ineffective assistance of counsel when they did not move to suppress the evidence.  The facts set forth in the PSR indicate that a detective pulled over a vehicle after observing a black male in the

---

[4] See Sentencing Transcript, p. 2 (Doc. # 85):
THE COURT: Mr. Saleeby, have you had sufficient time to review the presentence report in this case?
MR. SALEEBY: I have, Your Honor.
THE COURT: Mr. Sellers, have you had sufficient time to review the presentence report in your case?
DEFENDANT SELLERS: Yes, sir.
THE COURT: Let me ask you, Mr Saleeby: Are there any objections to the presentence report?
MR. SALEEBY: None, Your Honor.
THE COURT: Mr. Sellers, you heard what your lawyer says.  He says there are no objections to the presentence report.  Do you agree with that?
DEFENDANT SELLERS: Yes, sir.

driver's seat and a white female in front passenger seat who he mistakenly believed was a person wanted on an outstanding warrant for forgery. (PSR ¶ 12). The driver, who is the petitioner here, told the detective that his driver's license was suspended. (PSR ¶ 13). The petitioner was placed under arrest for driving under suspension and searched, whereupon officers discovered three small, rocklike substances that they believed to be crack cocaine in the petitioner's pants pocket. (PSR ¶¶ 13, 14). One officer then retrieved his K-9 and searched the vehicle. (PSR ¶ 14). The K-9 alerted on the front passenger area and on a black bag found in the vehicle's trunk. Id. Officers discovered loaded firearms in the glove compartment and loaded firearms and ammunition in the trunk. (PSR ¶¶ 14, 15). Officers also located a tin box inside a black bag and what appeared to more crack cocaine inside the box. (PSR ¶ 16). The petitioner was advised of his Miranda rights and freely waived them. (PSR ¶ 17). He admitted that the recovered crack cocaine belonged to him and that he had purchased the five recovered firearms in North Carolina. (PSR ¶ 17).

"Because conviction on a plea of guilty is based solely on the plea, not on the evidence," the petitioner is not entitled to relief on his Fourth Amendment claim unless the alleged wrongful seizure or search induced his guilty plea or made it involuntary. Gioiosa v. United States, 684 F.2d 176, 179-80 (1st Cir. 1982); see Ortega-Velasquez v. United States, 465 F.2d 419, 420 (5th Cir. 1972); Fenstermaker v. United States, 392 F.2d 554, 556 (9th Cir. 1968); Carter v. United States, Civil No. 2:06-cv-1114, Criminal No. 2:03-320, 2006 WL 1967322, at *2 n.2 (D.S.C. July 12, 2006).[5] The

---

[5] In the context of a direct appeal of a conviction and sentence where the defendant pleads guilty, the Fourth Circuit has held that a valid, unconditional guilty plea "waives non-jurisdictional errors, including claims of unlawful search and seizure based on the Fourth Amendment." United States v. Moxley, 3 Fed. Appx. 95, 96 (4th Cir. 2001); see also Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims

petitioner has not alleged or shown that the traffic stop or the evidence seized during it induced his guilty plea or made it involuntary. Therefore, the petitioner is not entitled to relief on his argument that the traffic stop was an illegal seizure or that the evidence seized during the traffic stop was the result of an illegal search.

In addition, the petitioner could have raised via an appeal the Fourth Amendment violations he alleges. Because he could have pursued these alleged constitutional violations on appeal, the petitioner "must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. "And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." Id.

The only cause for his procedural default the petitioner asserts in his § 2255 motion is ineffective assistance of counsel. However, in their affidavit (Doc. # 61), the petitioner's defense attorneys state they met several times with the petitioner to discuss the issue of whether to move to suppress evidence and that in light of the evidence against him, the petitioner's desire was to plead guilty and cooperate as best he could in hopes of receiving a downward departure. The petitioner has not responded to the statements in his attorneys' affidavit. Furthermore, based on the facts set

---

relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . ."); United States v. Partlow, 301 Fed. Appx. 297, 298 (4th Cir. 2008) ("[B]ecause [the defendant's] valid guilty plea waives all prior nonjurisdictional defects, he has waived any right to contest the district court's denial of his motion to suppress evidence seized during a traffic stop." (citation omitted)).

15

forth in the PSR regarding the traffic stop, this Court does not conclude that the performance of the petitioners' attorneys fell below an objective standard of reasonableness in not moving to suppress evidence seized during the stop.  See United States v. Hensley, 469 U.S. 221, 229 (1985) ("[I]f police have a reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with a completed felony, then a Terry stop may be made to investigate that suspicion."); United States v. Kimble, No. 91-5111, 1992 WL 79530, at *1 (4th Cir. April 21, 1992) (per curiam) ("A brief investigative stop is permissible whenever the police officer has a reasonable suspicion grounded in specific and articulable facts that the person he stopped has been or is about to be involved in a crime."); United States v. Carter, 300 F.3d 415, 422 (4th Cir. 2002) (holding "police may search a car without a warrant as long as there is probable cause to believe the car contains contraband" and concluding police officer had probable cause to search passenger compartment based on the burning marijuana he smelled as he approached the car and to search the trunk based on K-9's alerting in vicinity of trunk); United States v. Jeffus, 22 F.3d 554, 557 (4th Cir. 1994) ("Having the trained dog sniff the perimeter of Jeffus' vehicle, which had been lawfully stopped in a public place, did not of itself constitute a search.  When the dog 'alerted positive' for the presence of drugs, the officer was given probable cause for the search that followed.").  Therefore, the petitioner is not entitled to relief on Ground Two of his § 2255 motion.

## GROUND THREE

The petitioner asserts in Ground Three of his § 2255 petition that he believes he may have been a target of racial profiling.  In support of this ground for relief, the petitioner writes:

> The supposed individual wanted for arrest by state detective John James (Jennifer Jackson) was a white female whom detective alleged he was able to make a positive (identification) assessment of her identity in a motor vehicle moving in the opposite

16

> direction with tinted windows and in fact the female (white) was confirmed as Hope Presnell and defendant believes racial prejudice was then turned on him for a lack of any official reason for stopping defendant other than the fact he was a black man traveling with a white female. The officer issued a ticket which is deficient on its face and was thrown away and never properly given due process for the defendant to fight. This stop is what lead to this case.

The petitioner provides no evidence, authority, or further arguments in support of his speculation that law enforcement stopped the vehicle he was operating because he was a black male riding with a white female. Furthermore, as discussed in the previous section, there is no basis for concluding that the performance of the petitioner's defense attorneys fell below an objective standard of reasonableness in not moving to suppress the evidence seized during the traffic stop. Additionally, the petitioner has provided no response to the statements in his defense attorneys' affidavit (Doc. # 61) where they indicate they consulted with the petitioner about whether to move to suppress evidence and he was in agreement with the decision not to do so. Therefore, the petitioner is not entitled to relief on Ground Three of his § 2255 motion.

## **GROUND FOUR**

In Ground Four of his § 2255 motion, the petitioner asserts that his defense attorneys abandoned their duty to defend their client and file an appeal. The Court discussed this issue in connection with the petitioner's third clam for relief under Ground One. No further discussion is warranted here.

The petitioner also argues under Ground Four that "the forfeiture claim motion which was instituted on behalf of the defendant by Mr. Saleeby was also abandoned and has not been followed through on as agreed to upon initially hiring him." Aside from this conclusory statement, the petitioner provides no further details regarding this complaint about his attorneys' performance or

17

any explanation as to why his sentence should be vacated, set aside, or corrected because of it. As a result, the petitioner has not made a sufficient showing to avoid summary judgment on this claim.

Therefore, the petitioner is not entitled to relief on any of the arguments he asserts in Ground Four of his § 2255 motion.

## CONCLUSION

For the reasons set forth herein, the Government's motion for summary judgment (Doc. # 74) is hereby **GRANTED**, and the petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. # 56) is hereby **DENIED**. This matter is **DISMISSED** with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. The petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

s/Terry L. Wooten<br>
TERRY L. WOOTEN<br>
United States District Judge

September 27, 2011

Florence, South Carolina